FILED
APR 26 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEONICIO ARIAS COREAS,       )
                             )
    Petitioner,              )
                             )
v.                           )    Civil Action No. 3:17CV515–HEH
                             )
HAROLD CLARKE,               )
                             )
    Respondent.              )

### MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2254 Petition)

Leonicio Arias Coreas ("Coreas"), a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Respondent has moved to dismiss on the ground that, *inter alia*, the statute of limitations bars the action. (ECF No. 14.) For the reasons set forth below, the Court rejects Coreas's suggestion that he is actually innocent and will grant the Motion to Dismiss.

### I. PROCEDURAL HISTORY

#### A. Relevant State Proceedings

According to the Commonwealth's evidence, between July 1, 2002 and July 20, 2002, N.R. was living with her parents in a home in Fairfax County, Virginia. (Aug. 9, 2010 Tr. 9–10.) At that time, N.R. was 11 years old. (Aug. 9, 2010 Tr. 9.) Coreas also lived in this same house. (Aug. 9, 2010 Tr. 10.) At that time, Coreas was 28 years old. (Aug. 9, 2010 Tr. 4.)

One day during the above period, N.R.'s parents went to work, leaving her at home with Coreas. (Aug. 9, 2010 Tr. 10.) N.R. walked through the living room of the home where Coreas was watching the Playboy channel. (Aug. 9, 2010. Tr. 10.) Coreas asked N.R. if she wanted to do what she saw on the television. (Aug. 9, 2010 Tr. 10.) N.R. said no. (Aug. 9, 2010 Tr. 10.) Coreas then grabbed her and took her to her bed, removed her clothes, and penetrated her vagina with his tongue, fingers and penis. (Aug. 9, 2010 Tr. 10.)

N.R. told her parents about Coreas's actions, who, in turn, called the police. (Aug. 9, 2010 Tr. 10.) The police interviewed Coreas, who acknowledged that he did the things N.R. claimed, but mostly just licked her vagina. (Aug. 9, 2010 Tr. 10.) Coreas wrote a letter of apology to N.R. and her family. (Aug. 9, 2010 Tr. 10.) Following his statement to the police and before he was arrested, Coreas left the area and was not able to be located again until 2010. (Aug. 9, 2010 Tr. 10–11.)

Coreas was initially charged with rape of child less than 13 years old, sodomy of a child less than 13 years old, and object penetration of child less than 13 years old. In exchange for Coreas's plea of guilty to cunnilingus with N.R., a child of less than 13 years of age, in violation of section 18.2–67.1 of the Virginia Code,[1] the Commonwealth agreed to drop the other charges. (Aug, 9, 2010 Tr. 3, 7–8.) On August 9, 2010, in the

---

[1] That statute provided, in pertinent part, that "[a]n accused shall be guilty of forcible sodomy if he or she engages in cunnilingus . . . , with a complaining witness who is not his or her spouse . . . and . . . the complaining witness is less than thirteen years of age . . . ." Va. Code Ann. § 18.2–67.1 (West 2002.)

2

Circuit Court for the County of Fairfax ("Circuit Court"), Coreas pled guilty to the charge of forcible sodomy. (Aug, 9, 2010 Tr. 11.)

On November 29, 2010, the Circuit Court entered final judgement against Coreas and sentenced him to thirteen years of imprisonment.[2] (ECF No. 16–1, at 3.)[3] Coreas did not appeal. Coreas did not pursue any post-conviction motions until several years later.

**B. Federal Habeas Proceedings**

Coreas filed his § 2254 Petition with this Court on July 11, 2017. (§ 2254 Pet. 14.)[4] In his § 2254 Petition, Coreas brings the following claims for relief:

| | |
|---|---|
| Claim 1 | (a) Counsel failed to conduct a proper pretrial investigation and failed to discover that the police never questioned Coreas in 2002. (*Id.* at 19); |
| | (b) Counsel failed to conduct a proper pretrial investigation and failed to discover that the assertion that Coreas provided a written confession to the crime was false. (*Id.* at 20); |
| | (c) Counsel failed to conduct a proper pretrial investigation and failed to discover that the assertion that Coreas's DNA matched the DNA recovered from the victim's panties and mattress was false. (*Id.*); |
| | (d) Counsel failed to conduct a proper pretrial investigation and failed to discover that the DNA recovered from the victim matched that of the victim's boyfriend, Selso Antonio Romero Galdame. (*Id.* at 20–21); |

---

[2] In his Presentence Investigation Report, Coreas downplayed his conduct and told the probation officer that N.R. initiated the sexual contact and that he then touched her vagina under her clothes. Presentence Investigation Report 2, *Commonwealth v. Coreas*, No. FE–2010–1157 (Va. Cir. Ct. Nov. 9, 2010).

[3] Whenever possible, the Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

[4] The Court deems the petition filed on the date Coreas placed the § 2254 Petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

(e) Counsel failed to conduct a proper pretrial investigation to discover that the victim provided the Commonwealth with a recantation letter wherein the victim acknowledged that she "was afraid of her parents discovering that she had been having consensual sex with her boyfriend, and when they found out, she made up a story of being raped which led her parents to call the police on her boyfriend ... Galdame, the boyfriend ... who was arrested by Fairfax Police in 2002 ... [and] used Petitioner's name and identity when arrested...." (*Id.* at 21.); and,

(f) Coreas's guilty plea was not knowing and voluntary. (*Id.*)

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## A. Commencement of the Statute of Limitations

Coreas's judgment became final for the purposes of the AEDPA on Wednesday, December 29, 2010, when the time for filing a notice of appeal expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5A:3(a) (requiring a notice of appeal to be filed within thirty (30) days of the entry of the judgment). The limitation period expired one year later, on Thursday, December 29, 2011, prior to Coreas filing any post-conviction motion in the Virginia courts.[5] Accordingly, the statute of limitations bars Coreas's § 2254 Petition unless Coreas demonstrates entitlement to a belated commencement of the limitation period[6] or to an

---

[5] Coreas's state post-conviction motions filed after the expiration of the limitation period have no impact on the statute of limitations. *See Deville v. Johnson*, No. 1:09cv72(CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).

[6] Under § 2244(d)(1)(D), the limitation period begins to run when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Coreas fails to explain how § 2244(d)(1)(A) could render his claims timely. Although Coreas suggests that the victim wrote a recantation letter, he fails to produce the letter or even state when it was written. Because Coreas faults counsel for failing to discover the letter during

equitable exception to the limitation period. As explained below, Coreas fails to demonstrate any circumstance that would make his § 2254 Petition timely.

## B. Actual Innocence

"Claims of actual innocence, whether presented as freestanding ones, *see Herrera v. Collins*, 506 U.S. 390, 417 (1993), or merely as gateways to excuse a procedural default, *see Schlup v. Delo*, 513 U.S. 298, 317 (1995), should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (parallel citations omitted). Here, the Court reviews Coreas's assertion of actual innocence under the more lenient standard for gateway claims because Coreas's alleged actual innocence claim would allow the Court to consider his otherwise time-barred claims. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

A gateway claim of actual innocence requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern

---

his pretrial investigation, one can only assume the letter was available prior to the date on which he pled guilty. Given these circumstances and the vague nature of his allegations, Coreas fails to demonstrate any basis for a belated commencement of the limitation period.

6

at trial'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)).

Here, Coreas relies upon his current assertion that he is innocent and the allegation that the victim recanted her testimony. Coreas, however, fails to provide any evidence to support his claim that the victim recanted. *See Weeks*, 119 F.3d at 1352–53 (concluding that mere allegations that exculpatory evidence exists are insufficient to raise a colorable claim of actual innocence); *Shelton v. Dir. of Va. Dep't of Corr.*, No. 3:08cv70, 2008 WL 4361051, at *4 (E.D. Va. Sept. 24, 2008). Furthermore, Coreas's post-conviction profession of innocence is "not 'trustworthy' and does not constitute 'reliable' evidence of innocence sufficient to support a claim of actual innocence." *Carter v. Virginia*, No. 3:09CV121–HEH, 2010 WL 331758, at *6 (E.D. Va. Jan. 26, 2010) (quoting *Schulp*, 513 U.S. at 324). "To accept such commonplace declarations would ignore the Supreme Court's admonition that the quality of evidence necessary to support a claim of actual innocence 'is obviously unavailable in the vast majority of cases.'" *Id.* (quoting *Schlup*,

7

513 U.S. at 324). Moreover, Coreas's current version of events, wherein he suggests his total innocence hardly rings true, given his sworn profession of guilt and his post-conviction backpedaling to the probation officer wherein he acknowledged touching N.R. inappropriately, but suggested that N.R. initiated any contact. Accordingly, the Court rejects Coreas's assertion of actual innocence.

## III. CONCLUSION

The Motion to Dismiss (ECF No. 14) will be granted. The action will be dismissed. The petition for a writ of habeas corpus will be denied. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 26, 2018
Richmond, Virginia